IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NationsRent, Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br>Case Nos. 01-11628 through 01-11639 (PJW)<br>Jointly Administered |
| NationsRent Unsecured Creditor's Liquidating Trust, Perry Mandarino, not personally, but as Trustee<br><br>Plaintiff,<br>v.<br>Vic's Tire Service,<br><br>Defendant. | Civil Action Number: 04-804(***) |

**MOTION TO DISMISS PURSUANT TO RULE 41(a)(2)**
**OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Perry Mandarino, Trustee (the "Trustee") of the NationsRent Unsecured Creditors' Liquidating Trust (the "Creditor Trust"), by and through its counsel, hereby moves (the "Motion") to dismiss the above-referenced case pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (the "Federal Rules") and in support hereof respectfully states as follows:

**Background**

1. On December 17, 2001, NationsRent, Inc. and eleven of its subsidiaries (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

---

[1] NationsRent USA, Inc., NationsRent Transportation Services, Inc., NR Delaware, Inc., NRGP, Inc., NationsRent West, Inc., Logan Equipment Corp., NR Dealer, Inc., NR Franchise Company, Inc., NationsRent of Texas, LP, and NationsRent of Indiana, LP

658318-1

2. By order dated May 14, 2003 [Docket No. 2151] (the "Confirmation Order"), the Court confirmed the First Amended Joint Plan of Reorganization of NationsRent, Inc. and Its Debtor Subsidiaries [Docket No. 1824] (the "Plan").[1] On June 13, 2003, the Plan became effective in accordance with its terms, and the Debtors emerged from chapter 11 as reorganized entities.

3. Pursuant to Section IV.K of the Plan, the Creditor Trust was formed to, *inter alia,* pursue all Unresolved Avoidance Actions (against parties not released under the Plan) and the Retained Actions and all Unresolved Avoidance Action recoveries (against parties not released under the Plan) and recoveries on account of the Retained Actions.

4. On December 12, 2003, the Trustee commenced the above-referenced case by filing the Adversary Complaint to Avoid and Recover Preferential Transfers Pursuant to 11 U.S.C. Sections 547 and 550 (the "Complaint") against Vic's Tire Service (the "Defendant") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5. On March 29, 2004, the Defendant filed an answer (the "Answer") to the Complaint. In the Answer, the Defendant did not assert any counterclaims against the Trustee.

6. On June 29, 2004, the United States District Court for the District of Delaware (the "District Court") withdrew the reference of the adversary proceeding, and the Case was transferred to District Court.

7. Thereafter, the Trustee determined to dismiss the proceeding. The Trustee made attempts in August 2006 and March 2007 to contact the Defendant by letter in

---

[1] Capitalized terms not defined herein shall have the meanings given to such terms in the Plan.

order to obtain a stipulation of dismissal. However, the attempts were never answered by the Defendant.

8. On February 22, 2007, an order was entered scheduling a teleconference in this case for March 19, 2007 and requiring Defendant's participation. The order was served on the Defendant. However, the Defendant did not participate in the teleconference.

9. On March 20, 2007, an order was entered scheduling a teleconference in this case for April 18, 2007 and requiring Defendant's participation. The order also stated for the benefit of the Defendant that, "failure to participate in this teleconference may result in the denial of your claims or requests for relief in the above actions and a dismissal of the above actions without further notice or hearing." The order was served on the Defendant. However, the Defendant did not participate in the teleconference.

### Relief Requested

10. The Trustee requests the entry of an order dismissing the above-referenced case pursuant to Federal Rule 41(a)(2).

### Basis for Relief Requested

11. Federal Rule 41(a)(2) provides:

> [e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's insistence save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

FED. R. CIV. P. 41(a)(3).

658318-1

3

12. The Trustee determined to dismiss the case and sent correspondence to the Defendant requesting the execution of a stipulation of dismissal. The Defendant ignored the Trustee's requests to stipulate to a dismissal and ignored orders of this Court requiring the Defendant's participation in status conferences to discuss the Trustee's proposed dismissal. The Defendant filed no counterclaim against the Defendant. The absence of a counterclaim and the Defendant's failure to participate in the status conferences ordered by the Court warrant a dismissal of this case.

WHEREFORE, the Trustee requests that the Court grant the relief requested herein and such further relief as is just and proper.

Dated: May 18, 2007
      Wilmington, Delaware

LOWENSTEIN SANDLER PC
Paul Kizel, Esq.
Susan C. Greco-Ericksen, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (telephone)
(973) 597-2400 (facsimile)

-and-

THE BAYARD FIRM

*/s/ M. Augustine*
Neil B. Glassman, Esq. (No. 2087)
Ashley B. Stitzer, Esq. (No. 3891)
Mary E. Augustine, Esq. (No. 4477)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899
(302) 655-5000 (telephone)
(302) 658-6395 (facsimile)

Attorneys for NationsRent Unsecured Creditors Liquidating Trust